UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IBEW LOCAL 351 PENSION FUND, et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 14-2149 |
| v. | : | |
| GEORGE SPARKS, INC., et al., | : | Memorandum Order |
| Defendants. | : | |

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Judgment [Dkt. Entry No. 7] pursuant to FED. R. CIV. P. 55. For the reasons set forth below, Plaintiffs' motion for default judgment is denied without prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is a civil action brought pursuant to Section 502(a)(3) and Section 515 of the Employee Retirement Income Securities Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185 ("Taft-Hatley").   Plaintiffs IBEW Local Union 351, IBEW Local Union Welfare Fund, Pension Fund, Surety Fund, Training Fund are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant various collective bargaining agreements.   See Compl., ¶4.   Plaintiff Edward H. Grant is the Funds' Trustee.   Defendants George Sparks and GPS Electric LLC, which are related entities, breached their collective bargaining agreements with the Union and violated the Funds' trust agreements.   Id. ¶ 1.

The Complaint and Summons were served on Defendants on April 9, 2014. Aff.

1

Of Michael T. Scaraggi ¶ 2. A request for Clerk's entry of default was granted on October 9, 2014. The present motion was filed on October 10, 2014.

## II. JURISDICTION

The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 over the ERISA and Taft-Hatly claims. The Court has supplemental jusridiction over the remainder of Plaintiffs' claims pursuant to 28 U.S.C. § 1367.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs a court's decision to enter default judgment against a defendant. See FED. R. CIV. P. 55. To obtain default judgment, the plaintiff must have properly served the defendant with the summons and complaint in the matter. Lampe v. Xouth, Inc., 952 F.2d 697, 700-701 (3d Cir. 1991). Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a corporation may be served process "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

Obtaining default judgment against a defendant is a two-step process. First, the Clerk of the Court must enter the defendant's default after the properly served defendant has failed to plead or otherwise defend himself. FED. R. CIV. P. 55(a). Second, on the plaintiff's request, the Clerk may enter default judgment against the defendant for the amount and costs the plaintiff requests if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b)(1).

In all other cases, the plaintiff must apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered. DirecTV, Inc. v. Decroce, 332 F.Supp.2d 715, 717 (D.N.J. 2004), rev'd on other grounds sub. nom. DirecTV, Inc. v. Pepe, 431 F.3d 162 (3d Cir. 2005). A plaintiff is not entitled to entry of default judgment against a defendant as of right, because the entry of such judgment is to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). However, the Third Circuit prefers that "cases be disposed of on the merits whenever practicable." Id. at 1181.

Three criteria inform the Court's decision of whether default judgment is appropriate: (1) whether the plaintiff would suffer prejudice if the default judgment were denied, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's own culpable conduct caused his delay in responding to the Complaint. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Courts must accept the plaintiff's well-pleaded factual allegations as true, but need not accept the plaintiff's factual allegations regarding damages as true. Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). In the absence of sufficient evidentiary support, the Court may order or permit the plaintiff to provide additional evidence to support his or her allegations. See, e.g., Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civil No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (ordering the

3

plaintiff to "provide the Court with additional clarifying information to justify the damages sought"); Bridges Fin. Group, Inc. v. Beech Hill Co., Inc., Civil No. 09-2686, 2011 WL 1485435, at *5 (D.N.J. Apr. 18, 2011) (permitting the plaintiff to "file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs").  The Court may also conduct hearings to ascertain the amount of damages owed to the plaintiff.  FED. R. CIV. P. 55(b)(2).  However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  For example, courts have held that hearings are unnecessary where "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages.  See Tamarin v. Adam Caterers, 13 F.3d 51, 54 (2d Cir. 1993).  Additionally, if the damages are for a "sum certain or for a sum which can by computation be made certain, a further evidentiary inquiry is not necessary and a district court may enter final judgment."  Bds. of Trs. of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., Civil No. 06-1795, 2006 U.S. Dist. LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006).

## IV. DISCUSSION

The Court finds the proofs submitted in support of the motion are deficient.  The Court, even accepting the allegations in the Complaint as true, is unable to ascertain

4

whether the Defendants have a meritorious defense. See Chamberlain, 210 F.3d at 164. In this regard, Plaintiff must submit additional evidence including, but not limited to, the Collective Bargaining Agreement between the parties, any attempts to resolve the matter through arbitration or other mechanisms perhaps contemplated by the Collective Bargaining Agreement, an affidavit explaining the Delinquent Penalties Table attached to, but not explained by, the Affidavit of Edward H. Grant, and additional evidence in support of the calculation of damages.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Default Judgment [Dkt. No. 7] is denied without prejudice.

It is so ORDERED on this 24th day of February, 2015

s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge